UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

ALEUT ENTERPRISE, LLC, an )
Alaska limited liability company, )
 )
                Plaintiff, )     3:10-cv-00017 JWS
 )
              vs. )     ORDER AND OPINION
 )
ADAK SEAFOOD, LLC, a )     [Re:   Motion at docket 5]
Delaware limited liability company, )
 )
              Defendant. )
 )

## I.  MOTION PRESENTED

At docket 5, plaintiff Aleut Enterprises, LLC ("Aleut") moves to remand this case to the Superior Court for the State of Alaska.  Defendant Adak Seafood, LLC ("Adak") responds at docket 14.  Aleut replies at docket 15.  Oral argument was not requested and would not assist the court.

## II.  DISCUSSION

Aleut filed a Forcible Entry and Detainer action in the Superior Court.  Pursuant to 28 U.S.C. §§ 1446 and 1452, Adak timely removed to this court.  The notice of removal identifies diversity of citizenship as one ground for original jurisdiction under 28 U.S.C. § 1332.  The notice also identifies the dispute's relationship to a Chapter 11 bankruptcy proceeding as grounds for original jurisdiction under 28 U.S.C. § 1334.

The motion at docket 5 seeks remand on the basis that the requisite "complete" diversity needed for original jurisdiction under § 1332 is lacking.[1] Aleut's motion is premised on two propositions, one legal and one factual. The legal premise–that an LLC is a citizen in every state in which one of its members is a citizen–is both correct and undisputed by Adak. The factual premise–that Kjetil Solberg, one of the two members of Adak–is a citizen of Alaska is disputed by Adak.

To support the contention that Solberg is a citizen of Alaska, Aleut points to various public records showing Solberg has held commercial fishing licenses in Alaska, has had a car registered in Alaska, and has maintained mailing addresses in Alaska. In opposition to the motion, Adak provides Solberg's declaration in which he declares that he is a Norwegian national who carries a Norwegian passport and is currently domiciled in Panama, where he lives much of the year with his family. Solberg concedes that he visits Alaska frequently, owns a vacation home here, has maintained a mailing address in Alaska, has had commercial fishing licenses in Alaska, and has had a vehicle in Alaska. None of Solberg's activities in Alaska are activities for which Alaska citizenship is a pre-requisite. Given the unequivocal declaration by Solberg that he is a Norwegian national domiciled in Panama, the available evidence establishes to the satisfaction of this court that Solberg is not a citizen of the State of Alaska. In its reply, Aleut concedes that the court might well reach this conclusion in light of the Solberg declaration. There is no contention that the other member of Adak, Asbjorn Drevek, is a citizen of Alaska. The court concludes that "complete" diversity exists.

## III. CONCLUSION

For the reasons set forth above, the motion to remand at docket 5 is **DENIED**.

DATED at Anchorage, Alaska, this 8th day of February 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[1] The motion does not address the possibility that the court has jurisdiction under § 1334.