IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALEUT ENTERPRISE, LLC, an Alaska Limited Liability Company,<br><br>        Plaintiff,<br><br>vs.<br><br>ADAK SEAFOOD, LLC, a Delaware Limited Liability Company,<br><br>        Defendant,<br><br>and<br><br>INDEPENDENCE BANK, a Rhode Island Banking Institution,<br><br>        Intervenor,<br><br>vs.<br><br>ALEUTIAN SPRAY FISHERIES, INC., a Washington corporation;<br>PACIFIC PELAGIC GROUP, LLC, a Washington limited liability company;<br>JOHN YOUNG, an individual; and TRIDENT SEAFOODS CORPORATION, a Washington corporation,<br><br>        Third-Party Defendants. | Case No. 3:10-cv-0017-RRB<br><br><br><br>**ORDER ESTABLISHING THE CONDITIONS OF OCCUPANCY UNDER THE ADAK ISLAND FISH PROCESSING PLANT LEASE AGREEMENT** |

## I. INTRODUCTION

Before the Court is Plaintiff Aleut Enterprises, L.L.C. ("Aleut") with a Motion to Establish Conditions of Occupancy at Docket 74. Because Defendant Adak Seafood, L.L.C. ("Adak") remains in possession of the Adak Island Fish Processing Plant ("Plant") during the pendency of the Forcible Entry and Detainer ("FED") litigation, Aleut argues that Adak must abide by the terms of the Plant Lease agreement, including paying rent to Aleut, or vacate the premises.[1] Adak makes a Cross-Motion to Establish Conditions of Occupancy at Docket 81. Adak contends that its duty to pay rent to Aleut is excused due to Aleut's constant "obstruction of [AS]'s operation of the Plant."[2] Oral argument has been requested at **Docket 115.** Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter and the motion is **DENIED**.[3]

---

[1] Docket 74 at 2.

[2] Docket 80 at 1; Docket 82 at 1-2.

[3] See Mahon v. Credit Bureau of Placer County Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily, oral argument would not be required).

ORDER ESTABLISHING CONDITIONS OF OCCUPANCY - 2
3:10-CV-0017-RRB

Both parties agree that the terms of the Plant Lease agreement should be enforced during the pendency of the litigation.[4] The main issue is whether Adak's performance under the Lease should be discharged or suspended during such pendency on account of Aleut's actions.[5]

Because Adak's claims are not supported by law, are based primarily on disputed factual allegations, fail applicable procedural requirements, or are otherwise barred by *res judicata*, the Court concludes that Adak and Aleut must fully and promptly abide by the Plant Lease agreement during the pendency of the litigation. Specifically, Adak is directed to:

1. Remit past-due and current rental payments directly to Aleut;[6]

2. Allow Aleut to inspect the Plant premises as provided for in the Lease;[7]

---

[4] Docket 80 at 1; Docket 91 at 2.

[5] For the factual background concerning the parties' claims, the Court adopts Docket 45 at 2-6.

[6] See AS 09.45.120 (when an FED action is continued for longer than two days, as is the occurrence in the present case, the tenant must give sureties that the rent will be paid during the pendency of the litigation).

[7] The inspection procedure is controlled by the Plant Lease agreement, not Federal Civil Procedure Rule 34, as Rule 34 is designed to be used for discovery purposes, not to supercede the mutual intent of the parties to a contract with regard to inspection of a premises.

ORDER ESTABLISHING CONDITIONS OF OCCUPANCY - 3
3:10-CV-0017-RRB

3. Operate the Plant at all commercially reasonable times during the pendency of the litigation; and

4. Provide any and all financial information regarding the Plant to Aleut as required by the Lease.

## II. APPLICABLE SUBSTANTIVE LAW

Under the Erie doctrine, U.S. district courts exercising their original jurisdiction in diversity cases apply the substantive law of the state where the case is adjudicated and federal procedural law.[8]

## III. DISCUSSION

### A. Adak Is Required to Pay Rent to Aleut under the Plant Lease Agreement Because Adak Fails to Establish Any Legal Justification for Withholding Such Rent.

Adak presents four arguments in support of its assertion that its obligation to pay rent directly to Aleut under the Lease is either discharged or suspended by Aleut's alleged interference with the Plant: impracticability, contractual interference, breach of the implied covenant of good faith and fair dealing, and breach of the implied covenant of quiet enjoyment.[9] The first argument fails applicable law and the latter three are to be decided by the trier of fact.

---

[8] Shady Grove Orthopedic Assocs. v. Allstate Ins., Co., 130 S.Ct. 1431, 1460 (2010).

[9] Docket 82 at 8.

ORDER ESTABLISHING CONDITIONS OF OCCUPANCY - 4
3:10-CV-0017-RRB

Adak first argues that its obligation to pay rent under the Lease is discharged because it has become commercially impracticable to operate the Plant.[10] Adak Petroleum, L.L.C., the only provider of fuel on Adak Island,[11] refuses to provide Adak with fuel.[12] Commercial impracticability is a defense to a party's non-performance under a contract.[13] A party seeking to assert an impracticability defense "must show that his 'performance under [the contracts was] impracticable without his fault because of a fact of which he [had] no reason to know and the non-existence of which [was] a basic assumption on which the contract[s] [were] made.'"[14] In Carpenter, the court held that the defendant failed to prove impracticability because he did not show that he was unaware of the soil conditions or the profitability of the land he purchased.[15] The court found that the defendant was actually aware of such potential problems because there were disclaimers in the sales contract that made "it clear that any problems in these areas

---

[10] Id.

[11] Id. at 9 (this fact is not disputed by the parties).

[12] Id. at 8.

[13] State Div. Of Agric., Agric. Revolving Loan Fund v. Wayne M. Carpenter, 869 P.2d 1181, 1184 (Alaska 1994).

[14] Id.

[15] Id.

ORDER ESTABLISHING CONDITIONS OF OCCUPANCY - 5
3:10-CV-0017-RRB

were not unanticipated."[16]  Consequently, the court found that "the feasibility of farming . . . as well as the profitability resulting from the farming [could not] be fairly categorized as 'basic assumptions' on which the contracts were made."[17]

In the present case, as in Carpenter, the alleged impracticability was anticipated in the contract. The *Force Majeure* clause of the Plant Lease agreement foresaw Adak's inability to obtain fuel; the agreement makes mention of "'Changes in the availability of or access to fuel . . . on Adak Island, Alaska, resulting in a material adverse impact on [Lessee].'"[18]  Adak had reason to know that obtaining fuel for the Plant was a potential obstruction to operations at the Plant from the very moment that Adak became aware of the Plant Lease agreement.  The Court concludes, therefore, that Adak's impracticability defense fails because the unavailability of fuel to the Plant was foreseeable and the existence of a potential fueling problem was a basic assumption of Aleut and Adak Fisheries, L.L.C. when the Lease agreement was executed.[19]

---

[16]  Id.

[17]  Id.

[18]  Docket 91 at 14; see Docket 82 at 9.

[19]  Adak is the predecessor-in-interest to Adak Fisheries, under the Plant Lease agreement.

ORDER ESTABLISHING CONDITIONS OF OCCUPANCY - 6
3:10-CV-0017-RRB

Adak's remaining three arguments presented in support of discharging or suspending its obligation to pay rent to Aleut are questions of fact and cannot be decided in motion practice.[20] Therefore, although Adak does present some colorable factual arguments which, if true, may constitute a breach on the part of Aleut, the Court declines to address Adak's remaining arguments at this time. A jury may ultimately have to determine if Aleut breached the implied covenant of good faith and fair dealing and what damages, if any, should flow therefrom.

In addition to Adak's arguments, Aleut introduces its own theory concerning Adak's obligation to pay rent, arguing that Adak fails the procedural requirements to obtain a pre-judgment writ of attachment for the rental payments.[21] In response, Adak offers to pay the rent that would be owed to Aleut into the Court's registry, into an escrow account, or to a third party until the resolution of

---

[20] 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1277 (3d ed. 2004); RAN Corp. v. Hudesman, 823 P.2d 646, 649 (Alaska 1991) (when there is room for different views, the determination of whether the **interference** was improper or not is ordinarily left to the jury); Casey v. Semco Energy, Inc., 92 P.3d 379, 382 (Alaska 2004) (whether there has been a breach of the **covenant of good faith and fair dealing** is a question of fact); DeNardo v. Corneloup, 163 P.3d 956, 960 (Alaska 2007) (tenant failed to offer facts sufficient to prove landlord breached **implied covenant of quiet enjoyment**).

[21] Docket 91 at 8.

the underlying litigation.[22] Under Alaska Civil Procedure Rule 89, the party requesting the attachment of opposing party's property "shall file a motion with the court requesting the writ of attachment, together with an affidavit . . . ."[23] Rule 89 applies to an action based upon an express contract for the payment of money, including a lease agreement, which is the focal point of the current controversy. However, because Adak has not filed any motion for a pre-judgment writ of attachment nor an affidavit in support of such motion, no pre-judgment writ of attachment can be considered by this Court.

**B. The Doctrine of *Res Judicata* Precludes Adak from Again Seeking to Force Aleut to Provide Adak with Fuel.**

Adak asks this Court to require Aleut to cause its subsidiary, Adak Petroleum, to provide Adak with fuel.[24] Adak contends that this action would be appropriate because Aleut, for all practical purposes, controls Adak Petroleum and dictates to whom it may

---

[22] Id.

[23] Fed. R. Civ. P. 64 states that "all remedies providing for seizure of . . . property . . . are available under the circumstances and in the manner provided by the law of the state in which the district court is held . . . ." Therefore, attachment in the current case is governed by Alaska Civil Procedure Rule 89. Aleut Corp. v. Arctic Slope Reg'l Corp., 424 F. Supp. 397, 399 (D. Alaska 1976).

[24] Docket 82 at 11.

provide fuel.[25] In a related adversarial proceeding, Alaska Bankruptcy Judge Donald MacDonald IV denied a similar motion filed by Adak seeking substantially the same injunctive relief sought in the present case: to require Aleut to provide the Plant with fuel.[26] The doctrine of *res judicata* "'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'"[27] In the related proceeding, Adak filed a motion requesting the U.S. Bankruptcy Court to issue injunctive relief "requiring Aleut to immediately cooperate in providing Adak Seafood . . . fuel . . . for the operation of the plant."[28] The same relief was requested by Adak of the same party, Aleut, claiming the same interference by Aleut as in the present case.[29] Judge MacDonald refused to require Aleut to provide fuel to Adak under identical

---

[25] Docket 109 at 6.

[26] Independence Bank v. Adak Fisheries, L.L.C., No. A09-90031 (Bankr. D. Alaska Jan. 12, 2010) (order denying temporary restraining order and injunctive relief).

[27] Constantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982)(quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980)).

[28] Adak Seafood's Mot. TRO & Inj. 2, January 8, 2010, ECF No. 4618.

[29] Id.

ORDER ESTABLISHING CONDITIONS OF OCCUPANCY - 9
3:10-CV-0017-RRB

circumstances to those which are now before the Court.[30] Judge MacDonald reasoned that Adak had not met the high standard required for a mandatory injunction and that the injunction was improper because Adak Petroleum was not a joined party in the action.[31] Therefore, this Court, employing the doctrine of *res judicata*, relies on the earlier adversarial decision of Judge MacDonald regarding Adak's injunctive relief and refuses to now grant such relief.

   **C.  Adak's Request for Injunctive Relief Fails Because Adak Petroleum Is Not a Party to this Action.**

Adak requests this Court to enjoin Adak Petroleum from refusing to sell fuel to Adak.[32] It would be inappropriate for this Court to do so. An injunction binds "not only the parties . . . in a suit, but also those persons 'in active concert or participation with them . . . .'"[33] Non-parties, however, cannot be enjoined until they are shown, in a hearing to which the person sought to be enjoined is a party, to be in concert or participation with the

---

[30] Independence Bank, No. A09-90031.

[31] Oral Decision of Judge MacDonald IV at 9:47:20, Independence Bank v. Adak Fisheries, L.L.C., No. A09-90031 (Bankr. D. Alaska Jan. 12, 2010).

[32] Docket 82 at 11.

[33] Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

ORDER ESTABLISHING CONDITIONS OF OCCUPANCY - 10
3:10-CV-0017-RRB

parties in the suit.³⁴  Adak Petroleum is not a party in the present case and there has been no hearing or other forum to which it has been a party where it has been shown that it is in concert or participation with Aleut.  Therefore, the Court declines to grant Adak's request for injunctive relief.

> **D. Injunctive Relief Cannot Be Granted to Adak Because it Fails to Meet the High Standard Required to Grant Such Relief.**

Adak's request for injunctive relief also fails to meet the high standard required to impose a mandatory injunction on Adak Petroleum.  A party seeking a preliminary injunction must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; (4) an injunction is in the public interest; and (5) irreparable injury is *likely* in the absence of an injunction.³⁵  Although Adak has argued at length about the prohibitive costs of bringing fuel barges or flying in fuel to satisfy the energy needs of the Plant, the type of harm suffered by Adak does not reach the level of "irreparable," nor is the harm likely.³⁶  Despite the fact that barging or flying in fuel

---

³⁴  Id.

³⁵  Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008) (emphasis in original).

³⁶  Docket 109 at 5.

ORDER ESTABLISHING CONDITIONS OF OCCUPANCY - 11
3:10-CV-0017-RRB

is significantly more expensive than buying fuel from Adak Petroleum, both are alternative ways of procuring fuel for Plant.[37] Furthermore, forcing Adak Petroleum to sell fuel to Adak despite any lack of obligation, contractual or otherwise, to do so would pose a hardship on Adak Petroleum. Because the Court does not find that the facts and law of the present case clearly weigh in favor of Adak's request for mandatory injunctive relief, such relief will not be granted.[38]

**IV. CONCLUSION**

Having reviewed Plaintiff's Motion and Defendant's Cross-Motion to Establish the Conditions of Occupancy at **Dockets 74** and **81**, respectively, the Court orders that during the pendency of the litigation, the conditions of occupancy under the Plant Lease agreement are as follows:

1. Adak Seafood must pay past-due and current rent to Aleut Enterprises;

2. Adak Seafood must allow for the inspection of the Plant by Aleut Enterprises as provided for in the lease;

---

[37] Docket 91 at 20; Docket 109 at 5.

[38] Anderson v. U.S., 612 F.2d 1112, 1114 (9th Cir. 1979) (courts are less likely to grant mandatory instead of prohibitory injunctive relief unless the facts and law clearly favor the moving party).

ORDER ESTABLISHING CONDITIONS OF OCCUPANCY - 12
3:10-CV-0017-RRB

3. Adak Seafood must operate the Plant at all reasonably commercial times; and

4. Adak Seafood must provide Aleut Enterprises with all required Plant financial information as stated in the Lease.

**IT IS SO ORDERED.**

ENTERED this 2nd day of September, 2010.

                                        S/RALPH R. BEISTLINE
                                        UNITED STATES DISTRICT JUDGE