IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALEUT ENTERPRISE, LLC, an Alaska Limited Liability Company,<br><br>        Plaintiff,<br><br>vs.<br><br>ADAK SEAFOOD, LLC, a Delaware Limited Liability Company,<br><br>        Defendant,<br><br>and<br><br>INDEPENDENCE BANK, a Rhode Island Banking Institution,<br><br>        Intervenor,<br><br>vs.<br><br>ALEUTIAN SPRAY FISHERIES, INC., a Washington corporation;<br>PACIFIC PELAGIC GROUP, LLC, a Washington limited liability company;<br>JOHN YOUNG, an individual; and TRIDENT SEAFOODS CORPORATION, a Washington corporation,<br><br>        Third-Party Defendants. | Case No. 3:10-cv-0017-RRB<br><br><br><br><br>**ORDER DENYING INDEPENDENCE BANK'S MOTION TO SEVER AND MOTION FOR EXPEDITED TRIAL** |

## I.  INTRODUCTION

Before the Court is Intervenor Independence Bank ("Independence") with a Motion to Sever at Docket 77 and a Motion For Expedited Trial Assignment at Docket 78. Independence contends that it is appropriate to sever Independence's claims against Aleut in furtherance of judicial economy and efficiency.[1] Additionally, Independence requests that its claims against Aleut be tried in an expedited fashion."[2] Both Aleut and Adak Seafood, L.L.C. ("Adak") oppose at Dockets 94 and 95, respectively. Aleut argues that severance of Independence's claims against Aleut "would reduce judicial efficiency by requiring separate trials of the same issue and would raise the risk of inconsistent results."[3] Adak concurs with Aleut on this point, stating that "This is an issue that should be decided once, not twice."[4]

Because separating Independence's claims would not promote convenience, avoid prejudicing a party to the action, nor expedite and economize the current litigation, the separation of such claims from the body of the current case is not appropriate.

---

[1]    Docket 77 at 3.

[2]    Docket 78 at 4.

[3]    Docket 94 at 3.

[4]    Docket 95 at 1.

ORDER DENYING MOTIONS TO SEVER AND EXPEDITE TRIAL - 2
3:10-CV-0017-RRB

Independence's Motion to Sever at **Docket 77** is **DENIED**. Consequently, Independence's Motion For Expedited Trial Assignment at **Docket 78** is rendered moot and is likewise **DENIED**.[5]

**II. STANDARD OF REVIEW**

Federal Civil Procedure Rule 42(b) reads, in relevant part, "a trial judge has the right within his discretion to order separate trials in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."[6]

**III. DISCUSSION**

Determining the validity of the Adak Island Fish Processing Plant lease agreement separately from the current Forcible Entry and Detainer ("FED") litigation would be a duplication of this Court's efforts.

Independence argues that having a separate trial would benefit not just the judiciary, but potentially all of the parties because discovery of the relevant facts is complete.[7] The request for a declaration by this Court "that the ADAK-[Aleut] lease is a legally valid, binding and enforceable agreement by and between [Adak] and

---

[5] For the factual background concerning the parties' claims, the Court adopts Docket 45 at 2-6.

[6] Stoddard v. Ling-Temco-Vought, Inc., 513 F.Supp. 314, 327 (C.D.Cal. 1980); In Re Paris Air Crash of March 3, 1974, 69 F.R.D. 310, 314 (C.D.Cal. 1975).

[7] Docket 77 at 4.

ORDER DENYING MOTIONS TO SEVER AND EXPEDITE TRIAL - 3
3:10-CV-0017-RRB

[Aleut] until such time as [Adak] repays the Notes, in full, and the Security Agreements, and related loan documents are discharged" is *the* central issue among all of the parties' claims and defenses in the current controversy.[8] As such, it cannot be separated from the body of the present action.

The resolution of the validity of the Lease as between Adak and Aleut in a separate trial would render moot the current FED action. It would be a duplication of judicial resources for this Court to resolve the validity issue once, in the present case, and then again in another trial. Therefore, in the interest of judicial efficiency and economy, the Court refuses to separate Independence's claims against Aleut from the body of the present case.

**IV. CONCLUSION**

For the foregoing reasons, Independence Bank's Motion to Sever at **Docket 77** and Motion For Expedited Trial Assignment at **Docket 78** are **DENIED** without prejudice.

**IT IS SO ORDERED.**

ENTERED this 13th day of September, 2010.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[8] Docket 59 at 16.

ORDER DENYING MOTIONS TO SEVER AND EXPEDITE TRIAL - 4
3:10-CV-0017-RRB